CoreSite 32 Ave. of the Ams., L.L.C. v 32 Sixth Ave. Co. LLC (2024 NY Slip Op 02658)

CoreSite 32 Ave. of the Ams., L.L.C. v 32 Sixth Ave. Co. LLC

2024 NY Slip Op 02658

Decided on May 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 14, 2024

Before: Singh, J.P., Moulton, Mendez, Rosado, Michael, JJ. 

Index No. 652792/19 Appeal No. 2290-2291-2292-2293-2294-2295 Case No. 2023-05349, 2023-05351, 2023-03975 

[*1]CoreSite 32 Avenue of the Americas, L.L.C., Respondent,
v
32 Sixth Avenue Company LLC, Defendant-Respondent, Telx-New York 6th Ave. LLC, Defendant-Appellant.
CoreSite 32 Avenue of the Americas, L.L.C., Plaintiff-Respondent,
v
32 Sixth Avenue Company LLC, Defendant-Appellant-Respondent, Telx-New York 6th Ave. LLC, Defendant-Respondent-Appellant.

Sheppard, Mullin, Richter & Hampton LLP, New York (Robert S. Friedman of counsel), for appellant/respondent-appellant.
Morrison Cohen LLP, New York (Latisha V. Thompson of counsel), for respondent/appellant-respondent.
O'Melveny & Myers LLP, New York (Abby F. Rudzin of counsel), for respondent.

Order, Supreme Court, New York County (Andrea Masley, J.) entered on or about September 27, 2023, which granted defendant-owner 32 Sixth Avenue Company LLC's motion for reargument of its motion for summary judgment on its cross-claim for contractual indemnification against defendant Telx-New York 6th Ave. LLC, and upon reargument, granted the owner's motion for summary judgment on its cross-claim, unanimously affirmed, without costs. Order, same court and Justice, entered July 18, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment against Telx-New York 6th Ave. LLC on plaintiffs' claims for breach of lease and declaratory relief, unanimously affirmed, without costs, and the appeal otherwise dismissed as subsumed in the appeal from the order upon reargument.
The court properly granted plaintiff summary judgment on its claims including breach of lease and declaratory relief arising out of section 29.09(A) of its lease with defendant owner, as performed by defendant Telx-New York 6th Ave. LLC (Telx). Contrary to Telx's contention, section 29.09(A) unambiguously sets a specific initial monthly rate the parties agreed that the owner would charge plaintiff for certain telecommunications equipment until the "reservation deadline date," at which point the owner was permitted to charge the initial rate plus specifically limited annual price escalations thereafter, without any reference to market rates (see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 67 [1st Dept 2008], affd 13 NY3d 398 [2009]).
Because section 1.07 of Telx's lease with the owner requires it to perform the owner's obligations and honor the owner's pricing commitments under existing agreements, like plaintiff's here, Telx is bound by the unambiguous terms of section 29.09 of plaintiff's lease, and no recourse to extrinsic evidence is required (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). That the owner, which negotiated the term, has not taken a position on the meaning of section 29.09 other than it is unambiguous supports this reading (see AQ Asset Mgt. LLC v Levine, 111 AD3d 245, 257 [1st Dept 2013]; see also Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [2004]). We therefore affirm that branch of the July 18, 2023 order which granted summary judgment in plaintiff's favor.
The motion court also providently granted the owner's motion for reargument under CPLR 2221(d), and upon reargument, properly granted the owner's motion for summary judgment on its cross-claim against Telx for contractual indemnification. As discussed above, this action does not relate to a dispute over the "fair market rates" charged by Telx to subject the matter to arbitration under sections 2.05 or 36.01 of Telx's lease, which in any event places the decision to arbitrate solely with the owner, warranting resolution of the parties' inextricably intertwined dispute in one forum (see Matter of [*2]Widrick [Carpinelli], 32 NY3d 975, 976 [2018]; see also Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]). Therefore, the motion court providently granted reargument, and upon reargument correctly determined that the owner was not required to arbitrate its cross-claim for indemnification against Telx.
On the merits, the motion court properly determined that section 19.02(A)(i) of Telx's lease required it to indemnify the owner for "any default by [Telx] in the performance or observance of any of the terms, covenants or conditions of this Lease." Because section 1.07 of Telx's lease requires it to honor the owner's pricing commitments in plaintiff's lease, section 19.02(A)(i) of the Telx lease requires it to indemnify the owner for Telx's breach of section 29.09(A) of plaintiff's lease. Telx maintains that subsection (v) of section 19.02(A) is the more specific provision and expressly precludes indemnification in the event of a claim by existing user of the equipment and therefore the motion court should have found that this "specific provision will not be set aside in favor of a catchall clause" (Ambac Assur. Corp. v Countrywide Home Loans, Inc., 31 NY3d 569, 583 [2018]). This assertion is unavailing because subsection (i) is not a catchall provision, and in any event, subsection (v)'s exception to indemnification is modified by the additional requirement "and in either case which pertains to such party's use . . . prior to the Commencement Date," which is not the dispute here.
We have considered Telx's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 14, 2024